# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TERRI B. ALEXANDER, | DOCKET NUMBER |
| Appellant, | DA-0351-11-0285-X-1 |
| v. | |
| DEPARTMENT OF AGRICULTURE, | DATE: September 25, 2015 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Terrence J. Johns, New Orleans, Louisiana, for the appellant.

Cheri G. Alsobrook, Sandy S. Francois, and Thomas E. Dunn,
New Orleans, Louisiana, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The administrative judge issued an October 11, 2012 compliance recommendation granting the appellant's petition for enforcement concerning the March 21, 2012 initial decision that reversed the agency's action.  Initial Appeal File, Tab 31, Initial Decision; Compliance File, Tab 3, Compliance

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

Recommendation. Thereafter, the parties filed a joint stipulation and settlement signed and dated by the appellant on May 20, 2015, and by the agency on May 21, 2015, indicating that all matters raised in the referenced enforcement action now have been resolved to the parties' mutual understanding, and they request that the enforcement action be dismissed with prejudice to refiling. Compliance Referral File, Tab 31.

¶2  Finding that dismissal is appropriate under these circumstances, we DISMISS the petition for enforcement as settled with prejudice to refiling. This is the Board's final decision in this matter. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.